IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| STATE OF TEXAS, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | 2:21-CV-194-Z |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION *et al.*, | § | |
| Defendants. | § | |

## ORDER

The Court issues this Order to facilitate entry of a Scheduling Order. The Federal Rules of Civil Procedure and the Local Rules of this district in effect on the date of this Order, together with amendments to those rules that take effect while this case is pending, apply to this case.

### DUE DATE FOR JPSO

If this case is not settled or otherwise resolved **on or before March 1, 2022**, the Joint Proposed Scheduling Order ("JPSO") due date, then the parties must submit a JPSO. Parties must submit the JPSO **on or before March 1, 2022**. Any request for an extension of the JPSO due date must be made by written motion and be supported by good cause. The JPSO must be filed with the United States District Clerk's Office.

### INITIAL DISCLOSURE REQUIREMENTS AND OBJECTION PROCEDURE

The initial disclosure requirements of Rule 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) process, a party objects that initial disclosures are not appropriate and states the objection in the JPSO, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

### RULE 26(F) DISCOVERY PLANNING CONFERENCE

Lead counsel for each party (or a designee attorney with appropriate authority) and any unrepresented party (except for a prisoner litigant proceeding pro se) shall confer at a scheduling conference as soon as practicable, but in any event **no later than February 22, 2022**. The names of any lead counsel, lead-counsel designee, or unrepresented persons named in the case who did not participate in the conference shall be identified in the JPSO.

Although the Court believes a face-to-face meeting is likely the most productive type of conference, the Rule 26(f) conference may be conducted in person, telephonically, by email, fax, or mail, or by other means that will successfully result in the JPSO and accomplish the conference requirement.

### CONTENTS OF JPSO

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. Unless a scheduling conference is set, the Court will enter its own Scheduling Order after reviewing the JPSO. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's input.

Proposed deadlines and dates shall be submitted in the form of dates certain (*e.g.*, "January 1, 2022," and not "120 days before trial"). Parties shall not submit proposed deadlines and dates by describing the desired amount of time between deadlines or between a deadline and a trial-related date.

**A. Required Contents**

The JPSO **must** contain:

1. a brief but specific description of the nature of the case and the contentions of the parties, including specific identification of: (a) the key, disputed issues raised by ach claim or defense; and (b) the specific relief each party seeks — such as damages, restitution, and injunctive or declaratory relief — including the amount or form of each type of relief sought and the basis on which the party seeks that relief;

2. a brief but specific explanation of the basis for this Court's jurisdiction over this action and the parties hereto, including in any action for which 28 U.S.C. § 1332 is alleged to provide the basis for subject-matter jurisdiction, a specific description of the citizenship of each party and a brief but specific description of any challenges to jurisdiction or venue, including, in a case removed from state court, any challenges to procedural or jurisdictional removal defects;

3. a statement as to the likelihood that other parties will be joined;

4. proposed deadlines:

    a. to join other parties;

    b. for parties seeking affirmative relief to designate expert witnesses;

    c. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);

    d. for parties opposing affirmative relief to designate expert witnesses;

    e. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);

    f. for all parties to designate rebuttal expert witnesses;

    g. to object to experts (*i.e.*, *Daubert* and similar motions);

    h. to amend the pleadings;

    i. to mediate the case;

    j. to complete discovery;

    k. to file dispositive motions,[1] including motions for summary judgment;

    l. to file other motions except motions in limine; and

    m. for filing Rule 26(a)(3) disclosures.

---

[1] The Court prefers the dispositive-motion deadline be at least 120 days before trial; the deadline cannot be fewer than 90 days before trial. Absent good cause, the dispositive-motion deadline should come after the deadline to complete discovery.

3

5. the parties' positions and proposals on each of the matters listed in Rule 26(f)(3)(A)–(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

   a. the status of settlement negotiations, and a statement as to whether and when it is advisable to refer the case for alternative dispute resolution or conduct a court-supervised settlement conference;

   b. a "ready for trial date"[2] that the Court may consider as instructive when setting this case on the docket, an estimate of the number of trial days, and whether a jury has been demanded;

   c. if a party is required under Local Rule 83.10(a) to have local counsel, the date local counsel appeared or that the party moved for leave to proceed without local counsel; and

   d. the date a certificate of interested person under Local Rules 3.1(c), 3.2(e), 8.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons.

**B. Permitted Contents**

The JPSO **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Federal Rule of Evidence 502;

5. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial; and

6. proposals pertaining to any other appropriate matters.

---

[2] Absent exceptional circumstances, the proposed trial date should be no later than 18 months after the date the initial complaint was filed.

A scheduling order may be modified "only for good cause" and with the Court's consent. FED. R. CIV. P. 16(b)(4); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (factors considered). Requests to extend deadlines in the Scheduling Order shall address Rule 16 and the factors considered when determining if good cause exists to modify a scheduling order. A failure to address good cause in a modification motion will result in the denial of said motion.

\* \* \*

The deadlines in this Order are for filing or delivery and are not mailing dates. Failure to adhere to this Order may result in sanctions or disciplinary action — including disbarment from the Northern District of Texas, not just the Amarillo Division. *See* N.D. TEX. R. 83.8; FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f)

**SO ORDERED.**

February 8, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE