IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| STATE OF TEXAS, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:21-CV-194-Z |
| | § | |
| EQUAL EMPLOYMENT OPPORTUNITY | § | |
| COMMISSION *et al.*, | § | |
| | § | |
| Defendants. | § | |

# SCHEDULING ORDER

### SUMMARY OF CRITICAL DEADLINES AND DATES

| Joinder of Parties | May 1, 2022 |
| --- | --- |
| Amendment of Pleadings | May 1, 2022 |
| Defendants' Motion for Summary Judgment and submission of the administrative record, if any | May 20, 2022 |
| Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, and Cross-Motion for Summary Judgment | June 10, 2022 |
| Defendants' Reply in Support of Summary Judgment, and Response to Plaintiffs' Cross-Motion for Summary Judgment | July 1, 2022 |
| Plaintiff's Reply in Support of Cross-Motion for Summary Judgment | July 22, 2022 |

### SCHEDULING INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court (except as modified herein), the Court, having considered the status report submitted by the parties, finds that the following schedule should govern the disposition of this case. Unless otherwise ordered or modified by this order, all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules must be observed.

The Court has attempted to adhere to the schedule requested by the parties. In so doing, the Court assumes the parties **thoroughly** discussed scheduling issues prior to submitting their status report and that the parties understand the deadlines imposed in this order are firmly in place, absent the few exceptions set forth below.

1. **Joinder of Parties**

By **May 1, 2022**, all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment pursuant to paragraph three of this order, parties may be joined only upon motion to the Court.

2. **Amendment of Pleadings**

By **May 1, 2022**, amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. To the amended complaint, the amending party shall attach a redlined version of the complaint specifying any changes. After the date specified in this paragraph, a party may only amend the pleadings by leave of court upon a showing of good cause. The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended-pleading deadline.

3. **Dispositive Motions**

All motions that would dispose of all or any part of this case, including motions for summary judgment, shall be **governed by the dates set forth on page 1**. Any dispositive motion must be accompanied by or incorporate a brief, and the motion and the brief may not together exceed 50 pages in length, excluding any table of contents and table of authorities. *See* N.D. Tex. Rs. 56.3, 56.5(b). The party filing a dispositive motion must — in a separate section at the

beginning of the brief — identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, such as the filing of an amended complaint or settlement, the moving party must notify the Court within **three business days**.

    A. *Dispositive Motion Evidence*

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. Tex. R. 56.6. The moving party must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving party must support each assertion by citing each relevant page of its appendix.

    B. *Number of Dispositive Motions*

No party may file more than one motion for summary judgment without leave of court. *See* N.D. Tex. R. 56.2(B). If a motion for summary judgment is timely filed, the Court may establish a summary-judgment briefing schedule by separate order. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* N.D. Tex. R. 56.7.

4. **Modification of the Scheduling Order**

This order shall control the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause — even if the motion is agreed or unopposed.

5. **Compliance with this Order**

Counsel and the parties are expected to comply fully with this order. The parties are warned that failing to comply with any part of this Order may result in sanctions. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(f).

**SO ORDERED.**

March 7, 2022

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE