IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS,<br><br>    Plaintiff,<br><br>v.<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION, *et al.*,<br><br>    Defendants. | 2:21-CV-194-Z |

## ORDER

Before the Court is Plaintiff's Motion for Further Necessary or Proper Relief ("Motion") (ECF No. 77), filed May 21, 2024. Defendants filed a response (ECF No. 82) on June 11, 2024. Having reviewed the materials, briefing, and relevant law, the Court **DENIES** Plaintiff's Motion. In doing so, this Court takes no position on the lawfulness of Defendants' "2024 Guidance." Rather, today's Order merely recognizes that Plaintiff's challenge against a new and distinct Equal Employment Opportunity Commission ("EEOC") document — issued after this Court's final Judgment and the close of this case — warrants a new complaint.

### BACKGROUND

On October 1, 2021, Texas filed this suit challenging EEOC guidance ("2021 Guidance") related to gender identity and anti-discrimination laws. ECF No. 1. That Guidance required bathroom, dress code, and pronoun accommodations for employees based on gender identity. ECF No. 63-1 at 3. On October 1, 2022, this Court issued an opinion ("Opinion") (ECF No. 74) and a judgment ("Judgment") (ECF No. 75) vacating the 2021 Guidance and issuing a declaratory judgment to that effect. The Court found that the 2021 Guidance unlawfully extended *Bostock*'s "non-discrimination holding" beyond statutory limits imposed by Congress. ECF No. 74 at 32;

*Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644 (2020). Now — nearly two years later — Texas asks this Court to vacate the 2024 Guidance on the basis of its 2022 Opinion.

### ANALYSIS

Under Section 2202 of the Declaratory Judgment Act, an earlier declaratory judgment in a plaintiff's favor may be used "as a predicate [for] further relief, including an injunction." *Powell v. McCormack*, 395 U.S. 486, 499 (1969); 28 U.S.C. § 2202. However, when requested "further relief" "concern[s] issues the Court did not address," a new lawsuit must be filed. *Duberry v. D.C.*, No. CV 14-1258 (RC), 2020 WL 13337792, at *7 (D.D.C. Feb. 28, 2020). That is the case here. This Court's prior Opinion adjudicated the 2021 Guidance alone.[1] *See* ECF No. 75 at 1 (declaring only that "the June 15 Guidance and March 2 Guidance" — collectively the "2021 Guidance" — were "unlawful"). As such, "[a]ny relief that reaches beyond" the 2021 Guidance "would be wholly improper" and better resolved in a separate action. *Duberry*, 2020 WL 13337792, at *7 (D.D.C. Feb. 28, 2020).

Plaintiff argues that this Court's Opinion fortifies it from engaging in further litigation. ECF No. 77 at 7. But the Opinion did not purport to prejudge regulations that did not yet exist. A challenge to the 2024 Guidance represents a separate case or controversy — and "[t]he requirements of [a] case or controversy are no less strict under the Declaratory Judgment Act . . . than in case[s] of other suits." *Altvater v. Freeman*, 319 U.S. 359, 363 (1943). In any event, "[t]he Declaratory Judgment Act was an authorization, not a command." *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gave courts discretion "to make a declaration of rights; it did not impose a duty to do so." *Id.* This Court exercises that discretion here.

---

[1] The Judgment issued reads as follows: "[T]he Court . . . DECLARES the June 15 Guidance and March 2 Guidance unlawful; and VACATES and SETS ASIDE the June 15 Guidance and March 2 Guidance." ECF No. 75 at 1.

Lastly, the Court reemphasizes that it takes no position on Defendants' 2024 Guidance. That Guidance may be lawful. It may be unlawful. But that determination is properly made after "a full-bodied record" has been "developed through adequate adversary proceedings . . . ." § 2759 *Discretion of Court*, 10B FED. PRAC. & PROC. CIV. § 2759 (4th ed.); *see also Restatement (Second) of Judgments* § 33 cmt. c (1982) ("Further relief" may always be sought "in a new and independent action.").

### CONCLUSION

For the reasons discussed *supra*, Plaintiff's Motion is **DENIED**. This Order does not address — to any extent — Plaintiff's arguments as to the merits of Defendants' 2024 Guidance.

**SO ORDERED**.

July 17, 2024

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE